IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER MYHR, | ) Case No.8:13-cv-10 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VIKING CLIENT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PETER MYHR (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against Defendant, VIKING CLIENT SERVICES, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### INTRODUCTION

2. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Defendant conducts business in the State of Nebraska, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

7. Plaintiff is a natural person residing in Omaha, Douglas County, Nebraska.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency with a business office in Eden Prairie, Minnesota.

## FACTUAL ALLEGATIONS

11. In or around July of 2012, Defendant placed at least one collection call to Plaintiff in an attempt to collect an alleged debt arising from transactions for personal, family, and/or household services

12. Defendant is attempting to collect an alleged debt arising from Plaintiff's Chase Bank account with account number 549092140000XXXX.

13. Defendant places collection calls to Plaintiff at telephone number 402-679-71XX

14. Defendant places collection calls from telephone number 800-224-8163.

15. In or around September of 2012, Defendant's representative, "Mike Lloyd," placed a collection call to Plaintiff and left a voicemail message for Plaintiff. *See* Transcribed voicemail message attached hereto as Exhibit "A."

16. In the voicemail message, Plaintiff's representative, "Mike Lloyd," failed to meaningfully disclose the nature of the call or state that the call was from a debt

2

collector. *See* Exhibit "A."

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

18. Defendant violated the FDCPA based on the following:

    a) Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of an alleged debt.

    b) Defendant violated §1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect an alleged debt.

    c) Defendant violated §1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was being made by a debt collector in an attempt to collect an alleged debt.

WHEREFORE, Plaintiff, PETER MYHR, respectfully requests judgment be entered against Defendant, VIKING CLIENT SERVICES, INC., for the following:

19. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Actual damages;

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

22. Any other relief that this Honorable Court deems appropriate.

Date: January 7, 2012  RESPECTFULLY SUBMITTED,

By:   /s/*Ryan Lee*
     Ryan Lee
     Attorneys for Plaintiff
     Krohn & Moss, Ltd.
     10474 Santa Monica Blvd., Suite 401
     Los Angeles, CA 90025
     Tel: 323-988-2400 x241
     Fax: (866) 861-1390
     rlee@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEBRASKA

Plaintiff, PETER MYHR, being duly sworn, deposes and says:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, PETER MYHR, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10/23/12

_____
PETER MYHR